## PEDEN et al. v. UNITED STATES.
### No. 491.

Circuit Court of Appeals, Tenth Circuit.

Dec. 21, 1931.

James H. Mathers, Harrison R. Morgan, and James C. Mathers, all of Oklahoma City, Okl., for appellants.

William Earl Wiles, Asst. U. S. Atty., of Oklahoma City, Okl.

· Before COTTERAL and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

The three appellants were indicted on three counts charging each with (1) the possession of whisky; (2) possession of a still and mash; (3) the manufacture of whisky. Defendants below were convicted, as follows: Gerald Peden on counts 2 and 3 of the indictment; Lacy Peden on the third count, and Willis Hollis on all counts. Defendants appealed. Thereafter Gerald Peden dismissed his appeal. The case of Lacy Peden and Willis Hollis are the only ones before the court.

The assignments of error are limited (1) to a complaint of the sufficiency of the evidence to sustain the verdicts and judgments of conviction; (2) to a charge the verdicts were compromise verdicts; and (3) that the judgments of conviction are contrary to law.

These assignments of error present no question for review. Therefore the judgment of conviction against Lacy Peden must be, and is, affirmed. There is no error assigned by which the same may be reviewed in this court.

As to the defendant Hollis, error is assigned because of the introduction of certain evidence, and this question is the only one argued in the brief. As to this claim of error, it may be said: No objection was made as to this evidence when offered, and no exception saved. Hence the same cannot be here insisted upon for reversal of the judgment against him. However, had there been a proper objection to the evidence and exception taken, we are not of the opinion the reception of the evidence would be reversible error. It is the claim of this defendant this evidence against Hollis was of a prior and entirely independent offense, in no manner connected with the offense charged against him in this case. If this contention were shown to be correct by the record, it would show error. Coulston v. United States (C. C. A.) 51 F. (2d) 178; Gideon v. United States, 52 F.(2d) 427, decided by Eighth Circuit Court of Appeals, August 10, 1931. However, the rule as laid down in these cases, and all other like cases, is not here applicable, and for this reason: Hollis as a witness in his own behalf, testified he had nothing whatever to do with the setting up or operation of the still in question, and further testified he did not know how to manufacture whisky, and had never worked at a still or about a still. On his cross-examination he was shown a photograph taken of a still in operation some years before which tended to contradict his evidence, his photograph having been identified, and showing him at the still; hence for this reason it was clearly admissible for the purpose of contradicting his evidence, and is not within the rule contended for by him and the cases cited.

It follows the judgment against Hollis must also be affirmed.